IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EDWARD HADZIMA<br><br>Plaintiff,<br><br>v.<br><br>MENARD, INC.,<br><br>Defendant. | Case No. 3:22-cv-50121<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Defendant Menard, Inc.'s employee, Tyler Crump, pushed one cart in front of him and pulled one cart behind him as he was walking into a Menard's store. Dkt. 50 at ¶¶ 17–18. As the cart being pulled by Mr. Crump passed over a rug, it flipped and folded the front edge of the rug. *Id.* at ¶ 19. Mr. Crump continued walking into the store, and claims he did not notice the fold in the rug. *Id.* at ¶ 20. Plaintiff Edward Hadzima entered the store just 22 seconds later and tripped and fell over the fold. *Id.* at ¶¶ 19, 25, 27.

Mr. Hadzima sued Menard for negligence. Dkts. 3; 3-1. Menard now moves for summary judgment, arguing that it did not owe Mr. Hadzima a duty to fix the fold in the rug or warn Mr. Hadzima of the fold. *See generally* Dkt. 46. Mr. Hadzima disagrees because, according to him, Mr. Crump "was arguably looking back to make sure both carts he was handling were making it through the space," saw the fold in the rug, and chose to "do nothing." Dkt. 49, at 6–7. Because Mr. Hadzima's argument

1

is not supported by the evidence he relies on, and because this is the only argument that Mr. Hadzima advances, the Court agrees with Menard that under the circumstances of this case, Menard did not owe Mr. Hadzima a duty to fix the rug or warn him of the fold. And because there was no duty, there can be no negligence. *Bell v. Hutsell*, 955 N.E.2d 1099, 1104 (Ill. 2011) ("Unless a duty is owed, there can be no recovery in tort for negligence."). Thus, the Court grants Menard's motion for summary judgment. Dkt. 44.

## STATEMENT OF FACTS

The following incident is captured on video. Dkt. 48.

At all relevant times, there was a black rug with a "rubber backing and edges with a carpeted top" placed flat on the ground near the front entrance of the Menard store in Crystal Lake, Illinois. Dkt. 50. at ¶¶ 4, 7, 9, 10, 18.

Mr. Crump, a Menard employee, walked in from the parking lot, pushing one cart in front of him and pulling a second cart behind him. *Id.* at ¶¶ 15–18. As he was passing over the rug, the back wheels of the cart he pulled "flipped the front edge of the rug up." *Id.* at ¶ 19. He continued to enter the store without fixing the rug, and claimed he did not notice the fold because if he "knew the rug was flipped, he would have gone back to fix the rug." *Id.* at ¶¶ 20, 42.

18 seconds later, Mr. Hadzima's wife entered the store, approached the rug, and "walked over the flipped front edge of the rug without an issue." *Id.* at ¶¶ 19, 21, 23. Mr. Hadzima was following "immediately" behind her. *Id.* at ¶ 24. He "attempted to walk across the entrance rug," but "tripped over the front edge of the rug and fell

2

forward on the ground." *Id.* at ¶¶ 24–25. From the time the front edge of the mat flipped to the time Mr. Hadzima fell, "[a]pproximately 22 seconds elapsed." *Id.* at ¶ 27.

## STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if, when viewing the record and all reasonable inferences drawn from it in the light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The initial burden to show that no genuine dispute of material fact exists falls on the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Beardsall*, 953 F.3d at 972. If the movant meets this burden, to survive summary judgment, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. "Speculation is insufficient to withstand summary judgment." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1127 (7th Cir. 1996). Indeed, the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material fact. *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## ANALYSIS

Illinois law controls in this diversity case. *See Swearingen v. Momentive Specialty Chems. Inc.*, 662 F.3d 969, 971–72 (7th Cir. 2011). Under Illinois law, a plaintiff who alleges that the defendant was negligent must show a "duty owed by the defendant, a breach of that duty, and injury that was proximately caused by the breach." *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). Mr. Hadzima and Menard contest only the first element: duty. *See* Dkts. 46, 49, 53.

"Duty is determined by asking whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff." *Dunn v. Menard*, 880 F.3d 899, 906 (7th Cir. 2018) (cleaned up). Whether a defendant owes a plaintiff a duty is a question of law, while breach of duty and causation are questions of fact. *Swearingen*, 662 F.3d at 972.

"[T]he use of ordinary floor mats to assist pedestrians is perfectly reasonable, and the fact that a person trips on one of them is no evidence of negligence." *Little v. Wal-Mart Stores, Inc.*, No. 09 C 598, 2011 U.S. Dist. LEXIS 7079, at *14 (N.D. Ill. Jan. 25, 2011) (quoting *Robinson v. Sw. Bell Tel. Co.*, 167 N.E. 2d 793, 796 (Ill. App. Ct. 1960)); *Porges v. Wal-Mart Store, Inc.*, No. 09 C 3705, 2011 U.S. Dist. LEXIS 26267, at *24–25 (N.D. Ill. Mar. 15, 2011). However, if the mat is "defective, poorly maintained, or negligently installed," a business may be liable for injuries the mat's hazardous condition causes. *Porges*, 2011 U.S. Dist. LEXIS 26267, at *24–28. "Notice

is not required where there is evidence that defendants were involved in creating [the] hazard." *Id.* at *23.

Menard claims that Mr. Hadzima "lacks any evidence that the rug was improperly placed or maintained." Dkt. 46, at at 12–13. Mr. Hadzima's only argument in response is that Mr. Crump saw the flipped rug and "chose to do nothing." Dkt. 49, at 6–7. He relies on the video of the incident, in which he claims that Mr. Crump "look[ed] back to make sure both carts he was handling were making it through the space." *Id.* at 6. Mr. Hadzima attributes Mr. Crump's inaction to the fact that he has no recollection of "any safety training." *Id.* at 6–7. Mr. Crump, however, denies seeing the fold and stated in his deposition that if he "knew that the rug was flipped, he would have gone back to fix the rug." Dkt. 50, at ¶¶ 20, 42.

Mr. Hadzima "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Critically, video evidence exists of the incident. "[V]ideo recorded evidence is so powerful that the Supreme Court altered how summary judgment motions are decided when the video evidence contradicts testimony of a party." *Hollis v. Ceva Logistics, Inc.*, 603 F. Supp. 3d 611, 622 (N.D. Ill. 2022) (citing *Harris v. Scott*, 550 U.S. 372, 378 (2007)). So, in "situations where the video evidence refutes the plaintiff's account of the facts, 'the court should not accept the plaintiff's story for

5

purposes of summary judgment.'" *Jackson v. City of Bloomington*, No. 17-cv-1046-JES-JEH, 2019 U.S. Dist. LEXIS 22800, at *19 (C.D. Ill. Feb. 12, 2019) (quoting *Gillis v. Pollard*, 554 Fed. App'x 502, 506 (7th Cir. 2014)).

The Court has carefully reviewed the video. Dkt. 48. Even when viewing the evidence in the light most favorable to Mr. Hadzima, Mr. Crump does not look back towards the fold. *Id.* At most, Mr. Hadzima creates a "metaphysical doubt" as to which direction Mr. Crump looks, which does not provide refuge on a motion for summary judgment. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 586. Further, the Court relies on the litigants to advance the arguments that entitle them to relief. *Greenlaw v. United States*, 554 U.S. 237, 243–44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. . . . Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."). Because this is the only argument that Mr. Hadzima advances as to why Menard owed Mr. Hadzima a duty, his theory of liability fails. *See Bell*, 955 N.E.2d at 1104.

If this weren't enough, there is at least one additional reason why summary judgment is proper. Menard cited *Foy v. Vill. of La Grange*, which held that if plaintiffs would have seen the alleged defects by watching where they were going, the defects are open and obvious. 169 N.E.3d 1106, 1111 (Ill. App. Ct. 2020). Mr. Hadzima admits just that. Dkt. 50, at ¶¶ 31–32 ("[Mr.] Hadzima did not see the flipped-up front edge because he was not looking ahead when he walked. . . . Nothing was precluding

[Mr.] Hadzima from seeing the rug if he looked down at it."). Menards arguments are well reasoned, supported by both the facts of this case and established law. Both arguments provide additional bases for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court grants Menard's motion for summary judgment. Dkt. 44. The Court terminates this civil case.

Date: June 20, 2023

_____
Honorable Iain D. Johnston
United States District Judge